UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MAGISTRATE JUDGE _____

04 12384 RGS

CIVIL ACTION NO.

NEW ENGLAND INSULATION CO. )
    Plaintiff )
v. )
)
THE ST. PAUL TRAVELERS COMPANIES, INC. )
    Defendant )
)

RECEIPT # _____
AMOUNT $ _____
SUMMONS ISSUED _____
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _____
DATE _____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

The instant action seeks a determination that the Plaintiff New England Insulation Co. is entitled to both a defense and indemnification from the Defendant and their predecessors for asbestos related claims under the terms of previously issued policies of insurance. Plaintiff also seeks a determination whether the asbestos related claims brought against them are covered under the product or non product provisions of the liability policies issued by the Defendant.

### II. THE PARTIES

1. The Plaintiff New England Insulation Co. is a Massachusetts corporation with a principal place of business at 55 North Street, Canton, MA.

2. The Defendant The St. Paul Travelers Companies, Inc. is a corporation organized under the laws of the State of Minnesota, with a principal place of operation in Hartford, Connecticut.

### III. JURISDICTION

3. Subject matter jurisdiction is conferred upon this Court pursuant to 28 U.S.C. Section 1332, this being an action between citizens of different states, where the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and supplemental jurisdiction (Count IV) pursuant to 28 U.S.C. Section 1367.

## IV.   FACTS COMMON TO ALL COUNTS

4.   New England Insulation Co. is a Massachusetts corporation, who since 1935 has been continuously engaged in the business of installing commercial and industrial insulation.

5.   During the relevant time period the President and Chief Operating Officer of New England Insulation Co. was Theodore H. Brodie.

6.   During the relevant time period New England Insulation utilized the services of an insurance broker, O'Brion Russell &Company with offices at 141 Milk Street, Boston, MA, who purchased workmen's compensation and liability insurance on behalf of New England Insulation.

7.   During the relevant time period it was the Plaintiff's policy to purchase both workmen's compensation and general liability insurance simultaneously, because both were generally required pursuant to the specifications of their contracts.

8.   From January 1, 1954 through January 1, 1972 Aetna Casualty & Surety provided policies of liability insurance to New England Insulation Company, insuring them for all past, present, or future claims, liabilities, demands, obligations, complaints, proceedings, suits, lawsuits, actions, rights, damages, costs or other causes of actions arising out of bodily injury claims resulting from exposure to asbestos from insulation installed by New England Insulation Co.

9.   At the conclusion of each year O'Brion Russell & Company and the Plaintiff participated in the negotiation of retrospective adjustments on previously issued insurance policy premiums with Aetna Casualty & Surety.

10.   Attached as Exhibit A hereto, and incorporated herein by reference, is a list of the known primary insurance policies that were sold by Aetna Casualty & Surety to New England Insulation Company, and that are the subject of this lawsuit.

11.   The primary comprehensive general liability policies sold by Aetna Casualty & Surety provide for a duty to defend, and the immediate payment of defense costs arising out of bodily injury claims that occurred during the applicable policy years.

12. New England Insulation Company has paid all premiums for these policies, and all conditions precedent, if any, to obtaining coverage under these policies have been satisfied, or are subject to waiver or estoppel.

13. New England Insulation has been named as a Defendant in numerous claims for bodily injury which resulted from exposure to insulation containing asbestos.

14. The Plaintiff upon learning that a series of claims had been filed against New England Insulation, arising out of the commercial installation of asbestos related products, contacted the Defendant for the purpose of establishing coverage under the policies, which had been written during the relevant time periods.

15. New England Insulation Company has faced and continues to face multiple liability claims for bodily injury which have resulted in the commencement of numerous civil actions seeking compensation for bodily injuries allegedly occurring as a result of exposure to asbestos-containing insulation, allegedly having been installed by New England Insulation Company during the policy periods of the insurance policies at issue in this lawsuit ("Underlying Claims").

16. The Defendant's insurance policies provide New England Insulation Company with insurance coverage against liability it may incur because of such allegations of bodily injury, and require the Defendant to defend New England Insulation Company and pay the defense fees and costs incurred by New England Insulation in any actions, asserting such liability.

17. Aetna Casualty & Surety of Hartford Connecticut was acquired by Travelers Casualty & Surety of Hartford Connecticut on July 1, 1997.

18. On April 1, 2004, The St. Paul Travelers Companies, Inc. was formed by combining Travelers Casualty & Surety Corporation with the St. Paul Companies.

19. On information and belief each successor company to The Aetna Casualty & Surety Company assumed the obligations and responsibilities of the property and casualty company acquired.

20. New England Insulation upon receipt of Complaints brought by the individuals alleging bodily injuries resulting from exposure to asbestos has given notice of the claims to The St. Paul Travelers Companies, Inc. coupled with a request

that the Defendant provide a defense, and indemnify the Plaintiff against these underlying claims.

21. In response to New England Insulation Company's request for a defense and coverage of the Underlying Claims being brought against them, the Defendant has refused to acknowledge its obligation to provide a defense and coverage for New England Insulation Company's liabilities.

22. St. Paul Travelers, notwithstanding the receipt of a substantial compendium of anecdotal and other relevant materials has failed and/or refused to acknowledge the existence of policies of comprehensive general liability insurance sold to New England Insulation by The St. Paul Travelers Companies, Inc.'s predecessor, the Aetna Casualty & Surety Company.

23. St. Paul Travelers further asserts that even if the existence of coverage and general liability policies can be established, there exists a dispute as to the amounts and types of coverage afforded by said policies.

## COUNT I
(For breach of Contract on the Duty to Defend and Pay Defense Fees and Costs)

24. New England Insulation Company repeats each and every allegation contained in paragraphs 1 through 23, as if fully set forth herein.

25. The Defendant's predecessor Aetna Casualty & Surety sold comprehensive general liability insurance policies to New England Insulation Company that provides an immediate duty to defend.

26. The Defendant breached the terms of its insurance contracts by failing to pay immediately and by denying its obligation to pay immediately the complete defense fees and costs of the Underlying Claims made against New England Insulation Company.

27. To date, New England Insulation Company has incurred more than One Hundred Thousand ($100,000.00) in expenses and costs to establish coverage, and will continue to incur costs to establish coverage.

28. As a direct and proximate result of the Defendant's breach of contract, which is continuing as of the date of this Complaint, the Defendant has deprived New England Insulation Company of the benefit of the insurance contracts for which New England Insulation Company has paid substantial premiums.

29. As a direct and proximate result of the Defendant's breach of contract, New England Insulation Company has suffered and will suffer substantial damages in an amount to be determined at trial, including, but not limited to, the sums spent and to be spent to defend against the underlying bodily injury lawsuits, pre-judgment and post-judgment interest and its attorneys' fees and costs in this lawsuit.

## COUNT II
### (For Breach of Contract for the Duty to Indemnify)

30. New England Insulation Company repeats each and every allegation contained in paragraphs 1 through 29, as if fully set forth herein.

31. The insurance policies listed in Attachment A obligate the Defendant to pay for any liability that New England Insulation Company may incur as a result of allegations of bodily injury that may have taken place during the applicable policy years.

32. Defendant has denied or has failed to acknowledge its obligation to provide coverage for any liability that New England Insulation Company has incurred or may incur, as a result of the underlying bodily injury claims.

33. Defendant has breached its insurance contracts with respect to the duties and obligations of the Defendant to pay for any liability that New England Insulation Company may incur as a result of the underlying bodily injury claims. Defendants are now obligated to pay for New England Insulation Company's settlements relating to the underlying claims.

## COUNT III
### (Declaratory Judgment – Coverage)

34. New England Insulation Company repeats each and every allegation contained in paragraphs 1-33, as fully set forth herein.

35. The Defendant Aetna issued general liability policies to the Plaintiff, which contained product and non product liability coverages.

36. The non product liability coverage of the policies of general liability insurance do not have any aggregate limit.

37. On information and belief the Plaintiff alleges that the Defendant, if required to defend and indemnify the Plaintiff from the alleged claims relating to exposure to asbestos, will attempt to assert that claims are covered under only the product liability portions of their policies, which contain aggregate loss limits.

38. The Plaintiff asserts that the general liability policies issued by the Defendant should cover them under the non product liability portions of the said policies of liability insurance, because all claims relate to exposure to insulation containing asbestos.

39. There exists an actual controversy within the jurisdiction of this Court with respect to a determination between the parties, whether claims should be covered under the product or non product liability portions of the general liability policies. And, if it is determined that claims brought as a result of exposure to insulation containing asbestos are to be covered under the product liability portion of the general liability policies, there exists an actual controversy within the jurisdiction of this Court with respect to the amounts of the aggregate limits of coverage afforded by said policies.

## COUNT IV

(Unfair Settlement Practices – M.G.L.c. 93A)

40. The Plaintiff repeats and realleges the allegations contained in paragraphs 1-39 of this Complaint as if fully set forth herein.

41. At all times relevant the Defendant The St. Paul Travelers Companies, Inc. and its predecessors provided that the Plaintiff New England Insulation Company with general liability insurance under policies issued on an annual basis.

42. Beginning on or about 1983 the Plaintiff was given notice and served with a number of civil actions alleging injuries which arose out of exposure to

insulation containing asbestos, which was allegedly installed by New England Insulation Company.

43. The Plaintiff has served notice on the Defendant of the existence of the above referenced claims, and the Defendant has refused and/or failed to defend or indemnify the Plaintiff against the claims where there clearly exists liability.

44. The Defendant's have failed to effectuate a prompt fair and equitable settlement, and to provide a defense to the Plaintiff for the numerous claims filed against the Plaintiff, in matters where the Defendant's obligation to provide a defense, and liability on the underlying claims has become reasonably clear all, of which it is alleged constitutes unfair and deceptive acts and practices.

45. The Plaintiff has incurred more than $100,000.00 in expenses and costs in its efforts to establish coverage, and continues to incur additional costs.

46. The Plaintiff, as more fully set forth above, asserts that the conduct of the defendant constitutes willful, knowing, unfair, and deceptive business practices, and as such entitles the Plaintiff to multiple damages and attorneys fees as provided by M.G.L.c. 93A.

WHEREFORE, the Plaintiff demands a judgment declaring the rights and other legal relationships and obligations of the parties hereto with respect of the matter stated here and above and declaring specifically that:

A. On Count I, a judgment that the Defendant is obligated under the insurance policies described in Exhibit A to pay for attorneys' fees and other expenses incurred in the underlying claims against New England Insulation Company, as well as pre-judgment and post-judgment interest at the maximum lawful rate on those fees and expenses; and

B. On Count II, a judgment that the Defendant is obligated under the insurance policies described in Exhibit A to pay in full, all sums that New England Insulation Company has become legally obligated to pay, as a result of the underlying claims, as well as pre-judgment and post-judgment interest at the maximum lawful rate on those sums; and

C.  On Count III, a judgment that the Defendant's coverage of the Plaintiff for claims arising out of exposure to insulation containing asbestos is covered under the non product liability coverage portion of the general liability policies issued by the Defendant, or if the claims are covered by the product liability coverage portion of the general liability policies, a determination of the amounts of the aggregate limits of coverage afforded by said policies.

D.  On Count IV, a judgment against the Defendant The St. Paul Travelers Companies, Inc., in an amount adequate to compensate the Plaintiff for its injuries together with interests, costs, attorneys fees, and multiple damages.

E.  For such other and further relief as to this Court deems just property.

## JURY DEMAND

THE PLAINTIFF REQUESTS A JURY TRIAL ON ALL ISSUES SO TRIABLE.

Respectfully submitted,
New England Insulation Company
By their attorney,

James Michael Merberg, Esquire
B.B.O. No. 343020
66 Long Wharf
Boston, Massachusetts 02110
Tel. (617) 723-1990

Insurance Coverage Chart

| Policy Number | Policy Period |
|---|---|
| 6C42469RR | 1/1/54 - 1/1/55 |
| 6C47645RR | 1/1/55 - 1/1/56 |
| 6C51862RR | 1/1/56 - 1/1/57 |
| 6C56536RR | 1/1/57 - 1/1/58 |
| 6 LC 13600 | 1/1/58 - 1/1/59 |
| 6C64188RR | 1/1/59 - 1/1/60 |
| 6C67881RR | 1/1/60 - 1/1/61 |
| 6 LC 5725 | 1/1/61 - 1/1/62 |
| 6 AL 7190 | 1/1/62 - 1/1/63 |
| 6 AL 8717 | 1/1/63 - 1/1/64 |
| 6 AL 10137 | 1/1/64 - 1/1/65 |
| 6 AL 11537 | 1/1/65 - 1/1/66 |
| 6 AL 13880 | 1/1/66 - 1/1/67 |
| 6 AL 114178 | 1/1/67 - 1/1/68 |
| 6 AL 119416 | 1/1/68 - 1/1/69 |
| 6 AL 122071 | 1/1/69 - 1/1/70 |
| 6 AL 124927 | 1/1/70 - 1/1/71 |
| 6 AL 128008 | 1/1/71 - 1/1/72 |

EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) __New England Insulation Company__

   __v. The St. Paul Travelers Companies, Inc.__

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___  I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ___  II.   195, 368, 400, 440, 441-444, 540, 550, 625, 710, 720, 730,
              740, 790, 791, 820, 830, 840, 850, 890, 892-894, 895, 950.

   _X_  III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.

   ___  IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.

   ___  V.    150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(E)).

   __None.__

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
   __No.__

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? __No.__
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY? (SEE 28 USC 2403) _____

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC 2284? __No.__

7. DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL SECTION OF THE DISTRICT OF MASSACHUSETTS (WORCESTER COUNTY) - (SEE LOCAL RULE 40.1(C)). YES___ No. _X_ OR IN THE WESTERN SECTION (BERKSHIRE, FRANKLIN, HAMPDEN OR HAMPSHIRE COUNTIES)? - (SEE LOCAL RULE 40.1(D)). YES_____

8. DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN SECTIONS OF THE DISTRICT? YES___ No. _X_  (a)  IF YES, IN WHICH SECTION DOES THE PLAINTIFF RESIDE? _____

9. IN WHICH SECTION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE? __Boston__

10. IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY GOVERNMENTAL AGENCY OF THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE IN THE CENTRAL SECTION _____ OR WESTERN SECTION _____

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __James Michael Merberg__

ADDRESS __66 Long Wharf, Boston, MA 02110__

TELEPHONE NO. __(617) 723-1990__

(Category.frm - 09/92)

JS 44
(Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

New England Insulation Company
55 North Street
Canton, MA 02021

**DEFENDANTS**

The St. Paul Travelers Companies, Inc.
One Tower Square, 5 MS
Hartford, CT 06183

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Norfolk
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

James Michael Merberg
66 Long Wharf, Boston, MA 02110

ATTORNEYS (IF KNOWN)

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☒ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment |  | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / PERSONAL PROPERTY | ☐ 690 Other |  | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders Suits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | LABOR | SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
|  | / ☐ 385 Property Damage Product Liability |  | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / HABEAS CORPUS: |  | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land |  / ☐ 535 Death Penalty |  |  | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS — Third Party 26 USC 7609 |  |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights |  |  |  |
|  | / ☐ 555 Prison Condition |  |  |  |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Declaratory Relief - Insurance Coverage, unfair settlement practice.

**VII. REQUESTED IN COMPLAINT:** CHECK IF THIS IS A **CLASS ACTION** ☐ UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions): N/A   JUDGE _____   DOCKET NUMBER _____

DATE: November 10, 2004

SIGNATURE OF ATTORNEY OF RECORD: /s/ Michael Merberg

**FOR OFFICE USE ONLY**

RECEIPT # ____  AMOUNT ____  APPLYING IFP ____  JUDGE ____  MAG. JUDGE ____