UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW ENGLAND INSULATION CO., ) | |
| ) | |
| Plaintiff, ) | Docket No. 04-12384-RGS |
| ) | |
| v. ) | |
| ) | |
| TRAVELERS CASUALTY AND ) | |
| SURETY CO., AS SUCCESSOR TO ) | |
| THE AETNA CASUALTY AND ) | |
| SURETY CO., ) | |
| ) | |
| Defendants. ) | |

### ANSWER OF TRAVELERS CASUALTY AND SURETY COMPANY, INCORRECTLY SUED AS THE ST. PAUL TRAVELERS COMPANIES, INC.

Travelers Casualty and Surety Company ("Travelers"), formerly known as The Aetna Casualty and Surety Company ("Aetna"), and incorrectly sued as The St. Paul Travelers Companies, Inc., responds as follows to the Complaint of Plaintiff New England Insulation Co. (hereinafter "Plaintiff," or "NEIC"):

### INTRODUCTION

Travelers admits only that this is an action in which NEIC seeks a determination that it is entitled to defense and indemnification from Travelers, under certain policies of insurance allegedly issued by Aetna, with respect to certain asbestos-related claims. Travelers has been unable to locate, and denies all allegations relating to, the Aetna policies on which NEIC

1

apparently intends to base its claims. (Those policies are listed as Exhibit A to Plaintiff's Complaint, and are referred to hereinafter as the "Alleged Policies.")

## THE PARTIES

1. Travelers is without knowledge or information sufficient to form a belief as to the truth of the factual allegations set forth in this paragraph. Therefore, these allegations are denied.

2. Travelers states that it is a Connecticut corporation with its principal place of business in Hartford, Connecticut.

## JURISDICTION AND VENUE

3. The allegations of this paragraph constitute legal conclusions, to which no response is required. To the extent some response is required, Travelers is without knowledge or information sufficient to form a belief as to the truth of the factual allegations set forth in this paragraph. Therefore, these allegations are denied.

## FACTS COMMON TO ALL COUNTS

4. Travelers is without knowledge or information sufficient to form a belief as to the truth of the factual allegations set forth in this paragraph. Therefore, these allegations are denied.

5. Travelers is without knowledge or information sufficient to form a belief as to the truth of the factual allegations set forth in this paragraph. Therefore, these allegations are denied.

6. Travelers is without knowledge or information sufficient to form a belief as to the truth of the factual allegations set forth in this paragraph. Therefore, these allegations are denied.

7. Travelers is without knowledge or information sufficient to form a belief as to the truth of the factual allegations set forth in this paragraph. Therefore, these allegations are denied.

8.  Travelers has been unable to locate, and denies all allegations relating to, the Alleged Policies under which NEIC seeks coverage. The remaining allegations of this Paragraph are denied.

9.  Travelers is without knowledge or information sufficient to form a belief as to the truth of the factual allegations set forth in this paragraph. Therefore, these allegations are denied.

10. Travelers has been unable to locate, and denies all allegations relating to, the Alleged Policies identified in Exhibit A to Plaintiffs' Complaint. The remaining allegations of this Paragraph are denied.

11. Travelers has been unable to locate, and denies all allegations relating to, the Alleged Policies under which NEIC seeks coverage. The remaining allegations of this Paragraph are denied.

12. Travelers has been unable to locate, and denies all allegations relating to, the Alleged Policies under which NEIC seeks coverage. The remaining allegations of this Paragraph are denied.

13. Travelers is without knowledge or information sufficient to form a belief as to the truth of the factual allegations set forth in this paragraph. Therefore, these allegations are denied.

14. Travelers admits only that it has received notice from NEIC of certain complaints alleging bodily injury from exposure to asbestos-containing insulation. Travelers has been unable to locate, and denies all allegations relating to, the Alleged Policies under which notice allegedly was provided by NEIC. The remaining allegations of this Paragraph are denied.

15. Travelers has been unable to locate, and denies all allegations relating to, the Alleged Policies under which NEIC seeks coverage. Travelers is without knowledge or

information sufficient to form a belief as to the truth of the remaining factual allegations set forth in this paragraph. Therefore, these allegations are denied.

16. Travelers has been unable to locate, and denies all allegations relating to, the Alleged Policies. The remaining allegations of this Paragraph are denied.

17. Denied.

18. Denied.

19. Travelers admits only that The Aetna Casualty and Surety Company changed its name to, and is now known as, Travelers Casualty and Surety Company. The remaining allegations of this Paragraph are denied.

20. Travelers admits only that it has received notice from NEIC of certain complaints brought by individuals alleging bodily injury resulting from exposure to asbestos. Travelers has been unable to locate, and denies all allegations relating to, the Alleged Policies under which notice allegedly was provided. The remaining allegations of this Paragraph are denied.

21. Travelers has been unable to locate, and denies that it has any obligation to provide a defense or coverage to NEIC under, the Alleged Policies. The remaining allegations of this Paragraph are denied.

22. Travelers admits only that NEIC has provided certain material in support of NEIC's contention that it is entitled to coverage under the Alleged Policies. NEIC has not provided a copy of the Alleged Policies, and Travelers denies that the material provided by NEIC is sufficient to establish the existence and terms of these Policies. The remaining allegations of this Paragraph are denied.

23. Admitted.

4

## COUNT I

24. Travelers repeats and realleges its answers to paragraphs 1 through 23 of the Complaint, as if fully set forth herein.

25. Travelers has been unable to locate, and denies all allegations relating to, the Alleged Policies. The remaining allegations of this Paragraph are denied.

26. Denied.

27. Travelers is without knowledge or information sufficient to form a belief as to the truth of the factual allegations set forth in this paragraph. Therefore, these allegations are denied.

28. Denied.

29. Denied.

## COUNT II

30. Travelers repeats and realleges its answers to paragraphs 1 through 29 of the Complaint, as if fully set forth herein.

31. Travelers has been unable to locate, and denies all allegations relating to, the Alleged Policies. The remaining allegations of this Paragraph are denied.

32. Travelers has been unable to locate, and denies any obligation to provide a defense or coverage to NEIC under, the Alleged Policies. The remaining allegations of this Paragraph are denied.

33. Denied.

## COUNT III

34. Travelers repeats and realleges its answers to paragraphs 1 through 33 of the Complaint, as if fully set forth herein.

35. Travelers has been unable to locate, and denies all allegations relating to, the Alleged Policies. The remaining allegations of this Paragraph are denied.

36. Travelers has been unable to locate, and denies all allegations relating to, the Alleged Policies. The remaining allegations of this Paragraph are denied.

37. Denied. Under Massachusetts law, NEIC must establish not only the existence, but also the terms and contents of those Policies. Unless and until NEIC can establish those terms, it is premature to attempt to apply the Policies to specific claims.

38. Travelers is without knowledge or information sufficient to form a belief as to the truth of the factual allegations set forth in this paragraph. Therefore, these allegations are denied.

39. The allegations of this paragraph constitute legal conclusions, and no response by Travelers is required. To the extent some response is required, the allegations of this paragraph are denied.

## COUNT IV

40. Travelers repeats and realleges its answers to paragraphs 1 through 39 of the Complaint, as if fully set forth herein.

41. Travelers has been unable to locate, and denies all allegations relating to, the Alleged Policies under which NEIC seeks coverage. The remaining allegations of this Paragraph are denied.

42. Travelers admits only that it has received notice from NEIC of certain complaints brought by individuals alleging bodily injury resulting from exposure to asbestos. Travelers has been unable to locate, and denies all allegations relating to, the Alleged Policies under which notice allegedly was provided. The remaining allegations of this Paragraph are denied.

6

43.  Travelers admits only that it has received notice from NEIC of certain Complaints brought by individuals alleging bodily injury resulting from exposure to asbestos. Travelers has been unable to locate, and denies all allegations relating to, the Alleged Policies under which notice allegedly was provided. The remaining allegations of this Paragraph are denied.

44.  Denied.

45.  Travelers is without knowledge or information sufficient to form a belief as to the truth of the factual allegations set forth in this paragraph. Therefore, these allegations are denied.

46.  The allegations of this paragraph constitute legal conclusions, and no response by Travelers is required. To the extent some response is required, the allegations of this paragraph are denied.

## REQUEST FOR RELIEF

The request for relief set forth in this paragraph contains no allegations of fact, and no response by Travelers is required. To the extent some response is required, Travelers denies that NEIC is entitled to obtain from Travelers the relief requested.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)

The Complaint fails to state a claim upon which relief may be granted against Travelers.

### SECOND AFFIRMATIVE DEFENSE
(Lost Policies)

NEIC bears the burden of proving the terms, provisions, exclusions, conditions and limitations of any insurance policies under which it claims coverage, including, without

limitation, the Alleged Policies as to which relief is sought in the Complaint.

### THIRD AFFIRMATIVE DEFENSE
(Failure to Particularize Claims)

The Complaint does not describe the Alleged Policies, or the Underlying Claims, with sufficient particularity to allow Travelers to determine all the defenses (including defenses based upon the terms, conditions or exclusions of the contracts of insurance) that Travelers may be able to assert in response to the Complaint. Travelers therefore reserves the right to assert any defenses that may be pertinent to the Complaint once the terms, provisions, exclusions, conditions and limitations of the Alleged Policies, and the precise nature of the claims for which NEIC seeks coverage, are ascertained through discovery and investigation. Travelers reserves the right to amend its Answer to assert any additional Affirmative Defenses that may become apparent during the course of this action.

### FOURTH AFFIRMATIVE DEFENSE
(Failure to Join Indispensible Parties)

NEIC has failed to join as defendants one or more parties who are properly considered indispensible under Fed. R. Civ. P. 19(b).

### FIFTH AFFIRMATIVE DEFENSE
(Failure to Perform Conditions Precedent)

To the extent NEIC has any viable claims against Travelers under the Alleged Policies (which Travelers denies), those claims may be barred if NEIC has failed to perform all of its obligations under the terms of the Policies.

## SIXTH AFFIRMATIVE DEFENSE
(Setoff / Retrospective Rating)

To the extent NEIC has any viable claims against Travelers under the Alleged Policies (which Travelers denies), those claims may be subject to setoff insofar as the Policies were retrospectively rated and contain retrospective premium adjustments.

## SEVENTH AFFIRMATIVE DEFENSE
(Retention / Deductible)

To the extent NEIC has any viable claims against Travelers under the Alleged Policies (which Travelers denies), those claims may be barred if they do not exhaust the limits of any self-insured retention or deductible set forth in the Policies.

## EIGHTH AFFIRMATIVE DEFENSE
(Terms, Provisions, Exclusions, Conditions
and Limitations of Alleged Insurance Contracts)

To the extent NEIC has any viable claims against Travelers under the Alleged Policies (which Travelers denies), those claims may be barred, in whole or in part, by terms, provisions, exclusions, conditions and limitations contained in the Policies.

## NINTH AFFIRMATIVE DEFENSE
(Limited Liability)

To the extent NEIC has any viable claims against Travelers under the Alleged Policies (which Travelers denies), those claims may be subject to deductibles, per occurrence/accident limits, annual aggregate limits, and any other limitations of liability contained in the Policies.

## TENTH AFFIRMATIVE DEFENSE
(Failure to Disclose Material Facts)

To the extent NEIC has any viable claims against Travelers under the Alleged Policies (which Travelers denies), those claims may be barred if NEIC negligently or intentionally concealed, misrepresented, or failed to disclose facts that were material, and known by NEIC to be material, to the existence or contents of the Travelers policies, or the risks allegedly underwritten by Travelers.

## ELEVENTH AFFIRMATIVE DEFENSE
(Failure to Mitigate Damages)

To the extent NEIC has any viable claims against Travelers under the Alleged Policies (which Travelers denies), NEIC's potential recovery may be reduced if NEIC failed to mitigate, minimize or avoid any of the losses for which it seeks coverage.

## TWELFTH AFFIRMATIVE DEFENSE
(Failure to Give Timely Notice)

To the extent NEIC has any viable claims against Travelers under the Alleged Policies (which Travelers denies), those claims may be barred if NEIC had notice of conditions, events, damages or claims asserted in the Complaint that were reasonably likely to give rise to a claim for indemnity under the policies under which NEIC seeks coverage, and failed to give timely notice to Travelers in accordance with the terms of those policies.

## THIRTEENTH AFFIRMATIVE DEFENSE
(Violation of Law and/or Public Policy)

To the extent NEIC has any viable claims against Travelers under the Alleged Policies (which Travelers denies), those claims may be barred if the Underlying Actions for which NEIC

seeks coverage resulted from acts or failures to act on NEIC's part that were in violation of law and/or public policy.

### FOURTEENTH AFFIRMATIVE DEFENSE
(Intentional Conduct)

To the extent NEIC has any viable claims against Travelers under the Alleged Policies (which Travelers denies), those claims may be barred if the Underlying Actions for which NEIC seeks coverage arose in whole or in part out of intentional conduct by NEIC.

### FIFTEENTH AFFIRMATIVE DEFENSE
(Policy Period)

To the extent NEIC has any viable claims against Travelers under the Alleged Policies (which Travelers denies), those claims may be barred, in whole or in part, if any of the injury and/or damage alleged in the Underlying Actions occurred prior to or after the expiration of the Policies under which NEIC seeks coverage.

### SIXTEENTH AFFIRMATIVE DEFENSE
(Known Risk/Loss)

To the extent NEIC has any viable claims against Travelers under the Alleged Policies (which Travelers denies), those claims may be barred, in whole or in part, if any event, act, occurrence, loss or claim for which NEIC is seeking reimbursement was in progress or was known, or was not contingent, at or before the time the parties entered into the policies under which NEIC seeks coverage.

### SEVENTEENTH AFFIRMATIVE DEFENSE
(No Coverage for Certain Types of Claims)

To the extent NEIC has any viable claims against Travelers under the Alleged Policies

(which Travelers denies), those claims may be barred if the Underlying Actions do not involve "damages" that are recoverable under the Policies.

### EIGHTEENTH AFFIRMATIVE DEFENSE
(Voluntary Payment/Assumed Obligation)

To the extent NEIC has any viable claims against Travelers under the Alleged Policies (which Travelers denies), those claims may be barred if payment is sought for any voluntary payment, assumed obligation or incurred expense, or for liability assumed by NEIC under any contract or agreement.

### NINETEENTH AFFIRMATIVE DEFENSE
(No Coverage for Certain Types of Damages)

To the extent NEIC has any viable claims against Travelers under the Alleged Policies (which Travelers denies), those claims may be barred, in whole or in part, if NEIC is seeking reimbursement for punitive damages, fines or penalties alleged or recovered in the Underlying Actions.

### TWENTIETH AFFIRMATIVE DEFENSE
(Failure to Cooperate)

To the extent NEIC has any viable claims against Travelers under the Alleged Policies (which Travelers denies), those claims may be barred if NEIC has failed to cooperate with Travelers in accordance with the requirements of the Policies.

### TWENTY-FIRST AFFIRMATIVE DEFENSE
(No Coverage for Defense Costs)

To the extent NEIC has any viable claims against Travelers under the Alleged Policies (which Travelers denies), those claims may be barred, in whole or in part, if the Policies under

which NEIC seeks coverage do not include costs or expenses that are incurred in connection with the investigation or defense of claims or suits.

### TWENTY-SECOND AFFIRMATIVE DEFENSE
(No Legally Cognizable Damages)

NEIC has suffered no legally cognizable damages as the result of Travelers alleged conduct.

### TWENTY-THIRD AFFIRMATIVE DEFENSE
(Laches, Waiver and Estoppel)

To the extent NEIC has any viable claims against Travelers under the Alleged Policies (which Travelers denies), those claims may be barred, in whole or in part, by the doctrine of laches. In addition, it appears that NEIC may have waived, or be estopped from raising, some or all of those claims.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE
(Named Insured)

To the extent NEIC has any viable claims against Travelers under the Alleged Policies (which Travelers denies), those claims may be barred, in whole or in part, if NEIC is not an "insured" within the meaning of the Policies.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE
(Right to Reallocation)

To the extent that this Court determines that NEIC has any right to indemnity from Travelers, Travelers has a right to allocate or reallocate to other insurers any sums, costs, fees and expenses it incurs.

TWENTY-SIXTH AFFIRMATIVE DEFENSE
(M.G.L. ch. 93A)

The conduct alleged by NEIC to give rise to a claim under M.G.L. ch. 93A did not take place primarily and substantially in Massachusetts.

WHEREFORE, Travelers respectfully requests that:

(a) the Complaint be dismissed with prejudice;

(b) Travelers be awarded its costs in this action; and

(c) this Court issue such other relief as is appropriate.

TRAVELERS CASUALTY AND SURETY
COMPANY, INCORRECTLY SUED AS THE
ST. PAUL TRAVELERS COMPANIES,
INC.,

_____
John A. Nadas (BBO # 366200)
Eric Bradford Hermanson (BBO # 560256)
Choate, Hall & Stewart
Exchange Place, 53 State Street
Boston, Massachusetts 02109-2891
Phone: (617) 248-5000
Fax: (617) 248-4000

Dated: February 4, 2005

I HEREBY CERTIFY THAT A TRUE COPY OF THE ABOVE DOCUMENT WAS SERVED UPON THE ATTORNEY OF RECORD FOR EACH OTHER PARTY BY MAIL/~~HAND ON~~ and pdf on 2-4-05 _____