UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW ENGLAND INSULATION CO., <br><br> Plaintiff, <br><br> v. <br><br> THE TRAVELERS CASUALTY & SURETY CO., AS SUCCESSOR TO THE AETNA CASUALTY & SURETY CO., <br><br> Defendant, | Docket No. 04-12384-RGS |

## STIPULATED PROTECTIVE ORDER

By stipulation of the undersigned parties concerning the protection of confidential materials produced in this litigation, and good cause having been found herefor, IT IS HEREBY ORDERED that:

1. The following terms are used in this Order, and shall have the meanings below:

    a. "Producing Party" means a party to this action or a non-party that produces information, including documents, responses to interrogatories and requests for production, and deposition testimony, in connection with discovery taken in this action.

    b. "Designating Party" means a Producing Party that elects to designate information, pursuant to this Agreement, as "Confidential Material."

    c. "Confidential Material" means sensitive business or proprietary information, including but not limited to protectible trade secrets, the disclosure of which might adversely affect a party's or a Producing Party's competitive position or business operations, or might adversely affect or prejudice the position taken by plaintiff in its defense of any underlying claim or action. The term "Confidential Material" specifically includes, but is not limited to oral

communications with, or internal documents generated, developed, or maintained by NEIC's insurers in the course of their insurance business, and in the handling, processing and settling of claims. The term "Confidential Material" also includes, but is not limited to, the oral and written work product of NEIC legal counsel in connection with the defense of asbestos-related claims. The term "Confidential Material" also encompasses filings that are presented to the court or to any alternative dispute resolution that discuss, contain or otherwise refer to Confidential Material.

    2. The following protocol will be followed by Producing Parties with respect to the designation of information as Confidential Material:

    a. In case of documents and the information contained therein, designation shall be made by stamping each page with a confidential designation and with a legend identifying the name and docket number of this case.

    b. In the case of responses to interrogatories or requests for admissions and the information contained therein, designation shall be made by means of a statement at the conclusion of such responses specifying the responses or parts thereof which are designated as confidential. An appropriate legend shall be placed on each page of any set of responses to interrogatories or requests for admissions which contain information designated as confidential.

    c. In the case of depositions of persons who are currently or previously associated with or employed by a Producing Party, or persons who otherwise had or have access to Confidential Material, and the information contained in such depositions (including exhibits), designation of the portion of the transcript (including exhibits) which contains Confidential Material shall be made by a statement to such effect on the record in the course of the deposition, or within 45 days following receipt of the transcript, whichever is later, either by the deposing

party's counsel, or by counsel for the Designating Party whose Confidential Material was the subject of the deposition.

d. To the extent that a confidential designation is made with respect to deposition or other testimony that is recorded by stenographic means, the court reporter shall place a legend of confidentiality on the original and each copy of the transcript together with a statement identifying the pages or portions of the pages of the depositions which are designated as confidential. To the extent that a confidential designation is made with respect to deposition or other testimony that is recorded by videographic means, the videographer shall place a legend of confidentiality on the outside of the video, and each copy thereof, together with a statement identifying the portions of the video which are designated confidential.

3. All material produced in discovery in this action shall be used solely for purposes of this action, including any appeals. Except to the extent that it is required to be disclosed by judicial decision, all Confidential Material subject to this Order shall be kept in a confidential manner, with appropriate safeguards against dissemination, and may be disclosed to and disseminated among the following persons only:

a. The parties' attorneys, and the employees under the direct supervision of the parties' attorneys, who are working on this action;

b. Any person not employed by a party who is expressly retained by the party's attorneys, to assist in the conduct of this litigation;

c. Any director, officer, employee, auditor, taxing or regulatory authority or representative of a party who in the normal course of business would have access to the Confidential Material, or a reinsurer or any other person to whom a party has a business obligation to provide such information;

    d. Any employee of a party who is required by such party to work directly on this litigation, but only in connection with such work;

    e. Any person from whom testimony is taken or may be taken in this litigation, except that such person may only see and retain copies of Confidential Material in preparation for or during his or her testimony; and

    f. The Court, court personnel, and court reporters involved in this litigation.

   4. Any person who makes any disclosure of Confidential Material permitted by this Order shall advise each person to whom such disclosure is made of the terms of this Order and shall request assurances from that person that he or she will comply with the terms of this Order. Confidential Material designated in this action shall not be disclosed to any claimant in any underlying action against New England Insulation Co., or any governmental agency empowered to enforce any environmental law, regulation, or ordinance, unless it is apparent that the document originated with or was previously sent to that claimant or agency.

   5. The parties to this stipulation acknowledge that certain documents may be protected from production under the attorney-client privilege or work product doctrines in underlying actions involving New England Insulation Co. Such documents may be produced in this action without affecting their attorney-client privilege or work product status for any purpose other than this litigation. The parties to this action shall take all reasonable steps to ensure that the privileged or work product status of documents relating to the underlying claims shall be protected.

   6. In the event that disclosure of Confidential Material is required by law or compelled by order of any court or governmental agency (by deposition, interrogatory, request for documents, subpoena, civil investigative demand or similar process) the party from which the Confidential Material is requested shall provide Plaintiff or the relevant Producing Party with

prompt prior written notice of such request or requirement so that Plaintiff or the relevant Producing Party may seek a protective order or other appropriate remedy or, if appropriate, waive compliance with the terms of this Order. In the event that such protective order or other remedy is not obtained, or Plaintiff or the relevant Producing Party waives compliance with the provisions hereof in writing, (i) the party from which the Confidential Material is requested may disclose to any tribunal only that portion of the Confidential Material that the party from which the Confidential Material is requested is advised by written opinion of counsel to Plaintiff is legally required to be disclosed or else stand liable for contempt or material penalty, and shall exercise best efforts to obtain assurance that confidential treatment will be accorded such Confidential Material, and (ii) the party from which the Confidential Material is requested shall not be liable for such disclosure unless such disclosure to such tribunal was caused by or resulted from a previous disclosure by the party from which the Confidential Material is requested or any of its representatives not permitted by this Order.

      7.    Nothing herein shall prevent disclosure of Confidential Material as required by law or as compelled by order of any court. Nothing herein shall restrict any Producing Party's use of its own Confidential Material. Nothing in this Order shall be construed in any way to control the use, dissemination, publication, or disposition by any party of documents or information that are received by that party outside of the discovery process in this action.

      8.  A party may utilize Confidential Material in support of motions, briefs or other papers filed in this action, so long as appropriate steps are taken to ensure that such Confidential Material is filed under seal. A party may utilize Confidential Material in connection with any hearing or other proceeding before the Court and may introduce such Confidential Material at trial. A party who intends to use Confidential Material at trial or hearing shall exercise best efforts to notify the Producing Party of its intent to do so at least fourteen (14) days prior to the

trial or hearing, or as soon as practically possible before the trial or hearing at which the use of Confidential Material is contemplated. Confidential Material that is utilized in connection with briefs, motions or other papers filed with the Court, or that is utilized in trial or hearings before the Court, shall not lose its confidential status through such use.

9. With respect to any Confidential Material designated in conformance with this Order, a party's counsel may at any time serve a written "Notice of Objection" to such designation upon the Designating Party's counsel (with copies to counsel for every other party). The Notice of Objection shall specify the materials which that objecting party believes are not properly classified as Confidential Material, and shall specify the reasons for declassification. The Notice of Objection may state either that declassification is desired generally, or that it is desired for a specific purpose.

10. Within 30 days of receipt of a Notice of Objection under Paragraph 8, above, the Designating Party shall review the material whose declassification is sought, and shall provide written notice to every party stating whether the Designating Party will agree to the declassification of such material or any part thereof. The objecting party and the Designating Party shall make a good faith attempt to resolve the dispute through personal consultation and reasonable attempts to resolve their differences in accordance with the Federal Rules of Civil Procedure and the local Rules of this Court. Should these efforts prove unsuccessful in resolving the dispute, any party shall be free to seek declassification of the specified material by motion addressed to the Court. Such motion shall set forth a description of the nature of the designated material in question and the reasons why the movant believes it should be declassified. The Designating Party shall have the burden of demonstrating that the Confidential Material for which declassification is sought is in fact entitled to such designation under this Order. The designated material in question shall continue to be treated as Confidential Material subject to

6

the terms of this Order until the Court acts on the motion, and thereafter, if the Court's ruling does not declassify the material.

11. A Producing Party's failure to designate any particular information as Confidential Material in accordance with the terms of this Order shall constitute a waiver of that party's assertion of confidentiality with respect to such information only if the producing party fails to designate such material as Confidential within 30 days after being notified by another party that the material has not been designated confidential. At any time, and notwithstanding any other provision of this Order, a Producing Party may stipulate in writing, with the assent of the other parties to this action, that particular information, inadvertently omitted from confidential designation, is in fact Confidential Material.

12. Within thirty (30) days following the conclusion of this action and any appeals therefrom, the parties agree to return all Confidential Materials, including copies thereof, to the Party by whom that Confidential Material was produced; or, at the Producing Party's election, to destroy all such materials and copies thereof. Within thirty (30) days thereafter, the Producing Party may, at its option, require any party hereto to submit a certification attesting to the fact that it has complied with the provisions of the preceding paragraph. However, nothing in this Order shall limit an insurer's right to maintain Confidential Materials necessary to the resolution of any reinsurance or regulatory proceedings. In the event an insurer needs to maintain Confidential Materials for reinsurance or regulatory purposes, that insurer shall so notify the requesting party of the need to maintain the Confidential Materials. Any Confidential Materials retained for reinsurance or regulatory purposes shall be returned or destroyed, within thirty (30) days, once the Confidential Materials are no longer needed for reinsurance or regulatory purposes.

13. The terms of this Order shall not be modified, supplemented or terminated except by agreement of all parties hereto. Should any party to this litigation, or any Producing Party,

desire to modify, supplement or terminate this Order, all parties shall attempt, in good faith, to reach agreement as to such modification, supplementation or termination. Should such agreement not be reached, the party desiring modification, supplementation, or termination may seek appropriate relief from this Court.

14. If information subject to a claim of privilege or any other ground on which production of such information should not be made to any party is inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product or other ground for withholding production to which the producing party would otherwise be entitled provided that the producing party give written notice to the other party within 21 days the producing party is made aware of the inadvertent production. The notice must state the nature of the privilege.

15. Upon receipt of timely notice under Paragraph 13, above, the recipient of inadvertently produced material shall promptly return to the claiming party that material (or the portion thereof) as to which the claim of inadvertent production has been made, including any copies that are not destroyed. In the event that only part of the document is claimed to be privileged, the producing party shall furnish redacted copies of the document, redacting only the portion(s) claimed to be privileged, together with written notice. The party returning such material may then move the Court for an order compelling production of the material, but said motion shall not assert as a ground for entering such an order the fact or circumstances of the inadvertent production unless the producing party did not provide timely notice of the document's inadvertent production.

16. Alternatively, a recipient of notice under Paragraph 13, above, may retain the document as to which privilege is claimed, and inform the producing party in writing that the claim of privilege is disputed. The objecting party shall retain all copies of the document under

dispute segregated from other documents in a file marked "PRIVILEGE DISPUTED." The Producing Party shall move for an order that the disputed document is privileged within 30 days of receiving notice that its claim of privilege is disputed. The disputed document may be used in support of a motion in support of, or in objection to, the claimed privilege. If the Producing Party fails to file such a motion within 30 days, then the objecting party need not keep the document segregated any longer.

17. The provisions of this Stipulated Protective Order shall apply to all material provided in response to discovery in the above-captioned litigation. In addition, however, and without waiver of the parties' respective discovery positions, the parties contemplate an informal exchange of information in connection with a mediation in early- to mid-2006. This material ("Mediation Material") shall be treated as "Confidential Material," under the agreement. It shall not be disseminated to any person other than those identified in Paragraphs 3(a)-(e) above; and it shall be employed by the parties solely for the purpose of attempting to resolve their claims consensually through mediation. In light of the potential volume of Mediation Material, and the parties' understanding that all such material is to be treated as "Confidential," the designation procedures of Paragraph 2, above, need not be followed with respect to such material. Nothing in this paragraph shall affect the right of any party to argue that material originally produced for purposes of the mediation is also subject to, and should also be provided in response to, litigation discovery.

Dated: March 27, 2006

Respectfully submitted,

NEW ENGLAND INSULATION CO.,
Plaintiff

/s/ William B. Golden
WILLIAM B. GOLDEN, ESQ.
Baker, Braverman & Barbadoro, P.C.
50 Braintree Hill Park, Suite 108

9

Braintree MA 02184
781-848-9610

- and -

THE TRAVELERS CASUALTY & SURETY
CO., AS SUCCESSOR TO THE AETNA
CASUALTY & SURETY CO.


/s/ Eric B. Hermanson
JOHN A. NADAS, ESQ.
ERIC B. HERMANSON, ESQ.
Choate, Hall & Stewart LLP
Two International Place
Boston, MA 02110
(617) 248-5000

SO ORDERED:

This 29th day of March, 2006

Hon. R. Stearns, U.S.D.J.

10

4036475v5